UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHERYL FEALY, | Case No. 2:13-CV-02340-APG-PAL |
| Plaintiff, | |
| v. | **ORDER** |
| WELLS FARGO BANK, | (Dkt. ## 8, 9, 10, 13, 16, 18) |
| Defendant. | |

Plaintiff Cheryl Fealy alleges Defendant Wells Fargo Bank improperly removed from her bank account funds which consisted of deposits of social security benefits, in response to a notice of levy from the Internal Revenue Service ("IRS"). Wells Fargo failed to timely respond after being served with Fealy's Complaint, so default was entered against it. Wells Fargo requests that I set aside the default because its failure to respond to the Complaint was the result of a mistake, Wells Fargo has meritorious defenses, and Fealy would not be prejudiced. Fealy requests I enter default judgment Wells Fargo, and also moves for summary judgment on the merits. Wells Fargo responds by requesting summary judgment be entered in its favor instead. I will set aside the default and enter summary judgment in Wells Fargo's favor because Wells Fargo is entitled to immunity for complying with the IRS's notice of levy.

**I. Jurisdiction**

Although the parties do not raise the issue, I have an independent obligation to ensure this Court has subject matter jurisdiction over this dispute. *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966-67 (9th Cir. 2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89

(9th Cir. 2002) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)).

Here, Fealy alleges Wells Fargo breached its duties to her because an IRS notice of levy, as opposed to a warrant or some other judicial process, is insufficient to compel a turnover of the funds. Determining whether Wells Fargo breached its duties to Fealy thus requires a construction of federal law regarding whether the IRS's notice of levy sufficed to compel Wells Fargo to turn over the funds to the IRS. Consequently, I have subject matter jurisdiction over this dispute.

## II. Default Judgment

Fealy served Wells Fargo with her Complaint on December 27, 2013. [Dkt. #4.] Wells Fargo did not respond to the Complaint, and the clerk of court entered default on February 10, 2014. [Dkt. #8.] Fealy moved for default judgment on February 12, 2014 [Dkt. #9], and two days later, Wells Fargo moved to set aside the default [Dkt. #10].

The clerk of court must enter default against a party who has "failed to plead or otherwise defend" an action. Fed. R. Civ. P. 55(a). "The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). When determining whether good cause exists, the court considers (1) "whether the defendant's culpable conduct led to the default," (2) "whether the defendant has a meritorious defense," and (3) "whether reopening the default judgment would prejudice the plaintiff." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds*, *Egelhoff v. Egelhoff ex. rel. Breiner*, 532 U.S. 141 (2001). With regard to the first factor, "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Id.* at 697 (emphasis and quotation omitted). However, if the defendant offers a good faith explanation for its neglectful failure to answer, and that explanation negates any intent to take advantage of the plaintiff, interfere with judicial decision-making, or otherwise manipulate the legal process, such failure is not "intentional." *Id.* at 697-98. A defendant's conduct is culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698.

To satisfy the "not extraordinarily heavy" burden of presenting a meritorious defense, the defendant seeking to vacate a default must present specific facts that would constitute a defense. *Id.* at 700. There must be some possibility that the suit would have a different outcome at trial than the result achieved by default. *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

Finally, with respect to prejudice, "[t]he standard is whether [the plaintiff's] ability to pursue his claim will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). To be considered prejudicial to the plaintiff, setting aside a default must do more than simply delay resolution of the case. *TCI*, 244 F.3d at 701. Rather, the delay must result in some tangible harm, such as "loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (quotation omitted). Similarly, requiring a plaintiff to adjudicate a claim on the merits does not constitute prejudice. *Id.*

As to the first factor, Wells Fargo has presented evidence that its failure to respond was not intentional, but was the result of an internal miscommunication. Wells Fargo store manager Tanequa Edwards received the Complaint in December 2013. [Dkt. #10-1.] Edwards called an advisory number within Wells Fargo, was instructed to send the papers to Wells Fargo's legal department, and she faxed the papers as instructed. [*Id.*] Edwards states it is her "understanding that the department has no record of receiving [her] fax transmission regarding these papers." [*Id.*] There is no basis to conclude that Wells Fargo's failure to respond reflects an intent to take advantage of Fealy, to interfere with judicial decision-making, or to otherwise manipulate the legal process.

As for the second factor, Wells Fargo has presented meritorious defenses. The Complaint alleges Wells Fargo turned over $15,661.58 to the IRS, but Wells Fargo presents evidence it turned over $12,364.73. [Dkt. #10-2 at 3, 12.] Wells Fargo thus has a meritorious factual defense on the amount owed, if any. Additionally, as discussed below, Wells Fargo is immune from liability under federal law for turning over the funds to the IRS when confronted with a notice of levy. *See* 26 U.S.C. § 6332(e).

Finally, Fealy would suffer no prejudice if I set aside the default. Wells Fargo responded within two days of Fealy's motion for default judgment, and Fealy has not identified any tangible harm she would suffer if I set aside the default. I therefore grant Wells Fargo's motion to set aside the clerk's entry of default, and I deny Fealy's motion to enter default judgment.

**III. Summary Judgment**

Fealy moves for summary judgment, contending that Wells Fargo improperly turned over funds in her account to the IRS based on a notice of levy. Fealy contends the funds in her account are social security benefits, and thus are exempt from levy. Fealy further argues that even if the funds are not exempt, a notice of levy is not a sufficient basis to turn over the funds. Rather, Fealy argues the IRS must obtain a warrant or some other judicial process to levy her account.

Wells Fargo responds that social security accounts are not exempt from levy, and that a notice of levy is sufficient to require Wells Fargo to turn over the funds. Wells Fargo further argues that it is immune from liability for complying with an IRS notice of levy. Wells Fargo did not file a separate motion for summary judgment, but in its response to Fealy's summary judgment motion it requests that I grant summary judgment in its favor.

Title 26 U.S.C. § 6332(a) provides:

> Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

A bank "shall surrender (subject to an attachment or execution under judicial process) any deposits (including interest thereon) in such bank only after 21 days after service of levy." 26 U.S.C. § 6332(c). A bank that does not comply may be liable to the United States "in a sum equal to the value of the property or rights not so surrendered," as well as for costs, interest, and a penalty. *Id.* § 6332(d)(1)-(2). A bank that complies with the levy and surrenders the property "shall be discharged from any obligation or liability to the delinquent taxpayer and any other

person with respect to such property or rights to property arising from such surrender or payment." *Id.* § 6332(e).

A "bank served with an IRS notice of levy has only two defenses for a failure to comply with the demand." *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 721-22 (1985) (quotation omitted). The first defense is that the bank does not possess or is not "'obligated with respect to' property or rights to property belonging to the delinquent taxpayer." *Id.* (quoting 26 U.S.C. § 6332(a)). The second defense is "that the taxpayer's property is 'subject to a prior judicial attachment or execution.'" *Id.* (quotation omitted).

Courts repeatedly have upheld the IRS's use of the notice of levy procedures. *See, e.g., id.* at 720-21 ("In the situation where a taxpayer's property is held by another, a notice of levy upon the custodian is customarily served pursuant to § 6332(a). This notice gives the IRS the right to all property levied upon, . . . and creates a custodial relationship between the person holding the property and the IRS so that the property comes into the constructive possession of the Government." (internal citation omitted)); *Stead v. United States*, 419 F.3d 944, 946-47 (9th Cir. 2005); 26 C.F.R. § 301.6331-1(a)(1).[1] The notice of levy "does not determine whether the Government's rights to the seized property are superior to those of other claimants; it, however, does protect the Government against diversion or loss while such claims are being resolved." *Nat'l Bank of Commerce*, 472 U.S. at 721.

Here, Wells Fargo received a notice of levy from the IRS. [Dkt. #20-1.] At that point, Wells Fargo had only two defenses to justify not complying, neither of which applies in this case. Fealy has presented no evidence that Wells Fargo did not possess or was not obligated with respect to Fealy's account at Wells Fargo. Likewise, Fealy has presented no evidence that the account funds were subject to a prior judicial attachment or execution. Wells Fargo thus was required to comply with the notice of levy, and Wells Fargo is immune from liability to Fealy under § 6332(e) for having done so.

---

[1] *See also In re Beam*, 192 F.3d 941, 945 (9th Cir. 1999); *United States v. Donahue Indus., Inc.*, 905 F.2d 1325, 1330 (9th Cir. 1990); *Schiff v. Simon & Schuster, Inc.*, 780 F.2d 210, 212 (2d Cir. 1985) (collecting cases).

Fealy argues that a notice of levy is insufficient to compel Wells Fargo to turn over the funds to the IRS. This argument is foreclosed by the law cited above, as courts repeatedly have concluded a notice of levy suffices. Likewise, Fealy is incorrect when she states that Wells Fargo should have investigated whether she owed delinquent taxes before turning over the funds. Neither the statute nor the cases interpreting it requires a bank in Wells Fargo's position to investigate the alleged delinquency, and § 6332(e) absolves Wells Fargo of any responsibility for turning over the funds. *See Schiff*, 780 F.2d at 212 ("The fact that appellant disputes the validity of the underlying tax assessment does not alter Simon & Schuster's obligation to honor the levy."). Moreover, as discussed above, the levy does not determine the respective rights to the funds, nor does the levy determine whether the funds in the account were exempt from levy because they were social security benefits. Those are matters between Fealy and the IRS, and the IRS is not a party to this action. Because Wells Fargo is immune from liability under § 6332(e) for complying with the IRS's notice of levy, I deny Fealy's motion for summary judgment and grant summary judgment in Wells Fargo's favor. *See* Fed. R. Civ. P. 56(f).

### IV. Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion of Default [Dkt. #9], Motion to Uphold Default Judgment [Dkt. #13], and Motion to Uphold Default Judgment [Dkt. #16] are hereby DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Set Aside Entry of Default [Dkt. #10] is hereby GRANTED. The Clerk's Entry of Default [Dkt. #8] is hereby set aside.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment [Dkt. #18] is hereby DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall enter Judgment in favor of Defendant Wells Fargo and against Plaintiff Cheryl Fealy.

DATED this 26th day of September, 2014.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE